**IN THE UNITED STATES DISTRICT COURT
FOR THE  NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**GREGORY KEITH CLINTON,**

**Plaintiff,**

**v.**                                                  **CIVIL ACTION NO. 3:20-CV-178
(GROH)**

**ELIZABETH D. GRANT, and
THE UNITED STATES OF AMERICA,**

**Defendants.**

## REPORT AND RECOMMENDATION

### I.       INTRODUCTION

On September 18, 2020, the *pro se* Plaintiff,  who is a  federal prisoner incarcerated in the Northern District of West Virginia,  initiated  this  case  by  filing  an  action  pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403  U.S.  388 (1971), claiming his Constitutional rights were violated.   ECF  No.  1.[1]

The matter is now before the undersigned for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the complaint be denied and dismissed with prejudice.

### II.  FACTUAL AND PROCEDURAL HISTORY

Plaintiff's complaint lists two defendants: Elizabeth Grant, whom Plaintiff identifies as co-counsel in case number 3:17-CR-5, and the United States of America.  ECF No. 1

---

[1]  All CM/ECF numbers cited herein are from the instant case, 3:20-CV-178, unless otherwise noted.

at 2.  Although Plaintiff's claims border on unintelligible, he appears to assert the following claims for relief: (1) that he was improperly subjected to double jeopardy in his criminal convictions in 3:08-CR-5 and 3:17-CR-5 [ECF No. 1 at 5]; (2) that he was improperly convicted in 3:08-CR-5 because he was incarcerated on the date the acts were alleged to have occurred and thus it was factually impossible for him to have committed the crime [Id. at 6]; (3) that he has been denied rights under the Uniform Commercial Code §§ 1-308 and 1-207 [Id.]; and (4) that an unidentified party has "no immunity" [Id.]; (5) that certain counts of the indictment in case 3:08-CR-5 which were dismissed on August 27, 2018, invalidated his conviction in 3:17-CR-5 [Id. at 9]; (6) that he has been subject to an illegal bond or pyramid scheme.  [Id. at 7 – 9].

Plaintiff asserts the following injuries:

> Fraud  Collusion Illegal Incarceration and Identity Theft. Not SEC Licensed Not Reg[i]stered with State Securities Administrator. Tax Evasion (No 1099 OID Filed) Failing to Transfer Liability to Defend[a]nt, did not off-set Debt of Constructive Account, They Created.

Id. at 9.

In his request for relief, Plaintiff asks the court to award him 4 trillion, 3 billion, 839 million dollars ($4,003,839,000,000.00).  Id.

## III.  LEGAL STANDARD

Because plaintiff is a prisoner seeking redress from the Government, the Court must review the complaint to determine whether it is frivolous or malicious.  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

### A.      Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[2] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.  Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless." Id.

### B.      Civil Rights Actions Under Bivens.

In Bivens, supra, the Supreme Court recognized that claimants may assert a cause

---

[2]  The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

of action for damages caused by federal agents.  In <u>FDIC v. Meyer</u>, 510 U.S. 471, 484 - 86 (1994), the Court held that federal agencies may not be held liable in a <u>Bivens</u> claim, writing, "*Bivens* from its inception has been based . . . on the deterrence of individual officers who commit unconstitutional acts."  <u>Id.</u>  <u>See</u> <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61, 71 (2001).

Pursuant to <u>Bivens</u>, an individual federal agent may be found liable for actions "in excess of the authority delegated to him."  403 U.S. at 397.  "The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations."  <u>Corr. Servs. Corp. v. Malesko</u>, 534 U.S. 61, 70 (2001).  The Supreme Court further explained in <u>Malesko</u>:

> If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP. With respect to the alleged constitutional deprivation, his only remedy lies against the individual.

534 U.S. at 72.  Further, in a <u>Bivens</u> case, the Plaintiff must specify the acts taken by each defendant which violate his Constitutional rights.  <u>Wright v. Smith</u>, 21 F.3d 496, 501 (2nd Cir. 1994); <u>See</u> <u>Colburn v. Upper Darby Township</u>, 838 F.2d 663, 666 (3rd Cir. 1988) ("section 1983 claims[3] [have] the additional pleading requirement that the 'complaint contain a modicum of factual specificity identifying the particular conduct of defendants that is alleged to have harmed the plaintiffs'").

## IV.  ANALYSIS

A review of the complaint conducted pursuant to 28 U.S.C. § 1915A(b), reveals that

---

[3]  The Court notes that <u>Bivens</u> actions and § 1983 actions are both civil rights actions, and that <u>Bivens</u> actions regarding deprivation of civil rights are the federal counterpart to state actions authorized by 42 U.S.C. § 1983.

Plaintiff does not make a plausible claim based on any cognizable legal authority and fails to present a claim upon which relief can be granted.

A Bivens action cannot be brought against an individual actor who is not a federal employee or agent, and specific allegations must be brought against each named actor. Although Plaintiff named Elizabeth D. Grant as a defendant, he failed to allege: (1) that she was a federal employee or agent; and (2) that she deprived him of a federal right.

In a <u>Bivens</u> case, the Plaintiff must specify the acts taken by each defendant which violate his Constitutional rights. <u>Wright v. Smith</u>, 21 F.3d 496, 501 (2nd Cir. 1994); <u>See Colburn v. Upper Darby Township</u>, 838F.2d 663, 666 (3rd Cir. 1988) ("section 1983 claims [have] the additional pleading requirement that the 'complaint contain a modicum of factual specificity identifying the particular conduct of defendants that is alleged to have harmed the plaintiffs'"). Plaintiff's claims appear to challenge the proceedings in his two criminal convictions in this district, 3:08-CR-5 and 3:17-CR-5. Such challenges are not properly considered in a Bivens proceeding.

Further, Plaintiff has failed to comply with the Federal Rules of Civil Procedure requirement that only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555. Plaintiff's complaint fails to allege that any individual defendant took specific action which constitute the civil rights violations alleged by Plaintiff, or that Plaintiff suffered any physical injury. Moreover, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is *plausible* on its face.'" <u>Giarratano v. Johnson</u>, 521 F.3d 298, 302 (4th Cir. 2008), quoting <u>Bell Atl. Corp. v. Twombly</u> (emphasis added).

As noted above, because "only those questions which are squarely presented to a court may properly be addressed," this Court may not construct Plaintiff's arguments for him. Weller, 901 F.2d at 391. Even when liberally construing Plaintiff's allegations, he fails to assert any claims that the named defendants subjected, or caused him to be subjected, to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.

Plaintiff seeks relief which is unavailable or improper under Bivens, in that he has failed to assert a cognizable cause of action as to any claim against Elizabeth D. Grant, by failing to allege that Ms. Grant was a federal actor who violated any of Plaintiff's federal rights. Further, Plaintiff names the United States as a defendant, and under the holdings of FDIC v. Meyer and Malesko, an agency or the government itself, are improper parties in a Bivens action.

Accordingly, because Plaintiff has failed to state a claim upon which relief can be granted pursuant to Bivens, this Court recommends that this matter be dismissed with prejudice.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Complaint [ECF No. 1] be **DISMISSED WITH PREJUDICE**, based on Plaintiff's failure to state a claim upon which relief can be granted.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed

ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:       January 4, 2021

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE